UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESTER Q. JONES,

Plaintiff,

v.

NURSE JOANNA WEST, *et al.*,

Defendants.

Case # 19-CV-06037-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Lester Q. Jones brings this 42 U.S.C. § 1983 action against Defendants Joanna West, Andrew Bognaski, and Zachary Meek, in their individual capacities, alleging deliberate indifference.[1] *See* ECF No. 23. Defendants move for summary judgment on Plaintiff's claims. ECF No. 151. Plaintiff opposes the motion. ECF No. 155. For the reasons that follow, Defendants' motion for summary judgment is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

[1] Defendants argue that they are entitled to summary judgment on Plaintiff's claims against Defendants in their official capacities. ECF No. 151-24 at 21–22. However, Plaintiff indicated that he is only suing Defendants in their individual capacities. ECF No. 23 at 2–3. Therefore, the Court need not address this argument.

However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. "[A] *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

**BACKGROUND**

The following facts are undisputed or taken from the record except where noted. Plaintiff is an incarcerated individual currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). ECF No. 151-1 ¶ 1. In March 2016, Plaintiff was incarcerated at Five Points Correctional Facility ("Five Points"). ECF No. 23 at 3; ECF No. 151-1 ¶ 5.

The events leading up to the night of March 27, 2016, are disputed. Defendants claim that Plaintiff inserted unknown objects into his rectum earlier that day, ECF No. 151-1 ¶¶ 4–6, which Plaintiff denies, ECF No. 155 at 3. An Unusual Incident Report that was prepared on March 28, 2016, states that after Plaintiff's family visited Plaintiff on March 27, Plaintiff was observed entering the bathroom and inserting an unknown object into his rectum; a post-visit strip frisk revealed that Plaintiff had a "heavily lubricated rectum." ECF No. 151-9 at 18. It is undisputed

that Plaintiff was subsequently placed on a one-to-one contraband watch, monitored by Officer Bognaski. ECF No. 23 at 3–4, 10; ECF No. 151-1 ¶ 7; ECF No. 151-9 at 14.

At 10:00 PM, Nurse West observed that Plaintiff was lethargic and had an altered mental status. ECF No. 151-11 at 468. Nurse West administered Narcan (Naloxone) "2 mg 1m x 1" to Plaintiff. *Id.* Plaintiff claims that Nurse West administered Narcan "solely off of false allegations made by security staff" that Plaintiff was overdosing from something that he had placed into his rectum. ECF No. 23 at 4. Around 10:15 PM, Officer Boganski observed that Plaintiff began to act in an "unusual manner" and notified the Five Points medical staff. ECF No. 151-9 at 14. At 10:20 PM, Nurse West observed that Plaintiff was still lethargic and that he was lying on the bed and being uncooperative. ECF No. 151-11 at 487. Nurse West administered Narcan "1mg 1m x 1" upon Dr. Belgard's order. *Id.* In response, Plaintiff stumbled at the bedside, had an unsteady gait, and was "struggling." *Id.* Nurse West administered "Narcan 2mg 1m" again upon Dr. Belgard's order. *Id.* At 10:30 PM, Nurse West observed Plaintiff stumbling, appearing to be "still lethargic, more alert," and remaining unresponsive and uncooperative. *Id.* At 10:45 PM, a different nurse observed that Plaintiff was "still very lethargic" and unresponsive, tipped over to the side, and kept his eyes closed. *Id.* at 468. Dr. Belgard ordered the nurse to bring Plaintiff to an "outside ER." *Id.*

At 10:44 PM, Emergency Medical Services interacted with Plaintiff. ECF No. 151-12 at 7. Plaintiff alleges that Nurse West, Officer Bognaski, and Sergeant Meek lied to the Emergency Medical Technicians ("EMT") that Plaintiff's condition was due to overdosing on illegal substances. ECF No. 23 at 5–9. Defendants respectively deny speaking to the EMT, or the medical personnel at the hospital to which Plaintiff was transferred, about Plaintiff's medical condition at any time. ECF No. 151-3 at 2 ¶ 11; ECF No. 151-4 at 3 ¶¶ 13–14; ECF No. 151-5 at 3–4 ¶¶ 15–

17. The EMT's notes indicate that Plaintiff was observed having "effective" respirations, being "alert to voice and does follow commands," and speaking incomprehensively. ECF No. 151-12 at 7. The EMT also notated that the chief complaint concerning Plaintiff was "Ingestion/Poisoning" by overdosing on an unknown substance, and that Plaintiff had no allergies. *Id.* at 5. The EMT administered 2mg of Naloxone, to which Plaintiff showed "[i]mprove[ment]" by uttering a few incomprehensible words. *Id.* at 7. EMT gave Plaintiff 2mg of Naloxone twice more. *Id.* at 8.

On March 28, 2016, at 12:37 AM, Plaintiff arrived at the hospital, *id.* at 8, and Officer Bognaski and Sergeant Meek followed Plaintiff, ECF No. 151-3 at 2 ¶¶ 8–10; ECF No. 151-4 at 2 ¶ 7. The hospital's progress notes described Plaintiff as having "a history of drug abuse who is presenting today with altered mental status" and that "prison guards [stated] that they witnessed the patient shoving unknown substances up into his rectum. They later found him unresponsive on the ground. . . . He apparently is a known gang member in a drug ring." ECF No. 151-10 at 62. The hospital contacted poison control. *Id.* at 51. Meanwhile, Plaintiff was given 6mg of Narcan with no change in mental status and was treated for a seizure. *Id.* at 62.

On March 29, 2016, an endoscopy was performed on Plaintiff, *id.* at 262, where the medical staff "[r]emoved 1 intact bag of drugs . . . from [Plaintiff's] rectum and upper endoscopy found and removed 2 broken bags from [his] stomach," ECF No. 151-11 at 404. Officer Bognaski also reported that he "observed Medical Staff remove one package of contraband from [Plaintiff's] rectum." ECF No. 151-9 at 14. The hospital recorded Plaintiff's primary discharge diagnosis as "[a]cute toxic encephalopathy" and his secondary discharge diagnosis as "[d]rug overdose," among other things. ECF No. 151-11 at 404.

Defendants submitted an expert report by Dr. Timothy Wiegand, a medical toxicologist. ECF No. 151-16 at 2. Dr. Wiegand stated that Naloxone is a standard and widely available

medication that is used to treat opioid overdose. *Id.* at 7–8. Dr. Wiegand also opined that based on Plaintiff's symptoms of progressive lethargy, impaired breathing, and hypoxemia, all signs of a possible opioid overdose, Nurse West appropriately administered Naloxone. *Id.* at 7. Dr. Wiegand states, and Plaintiff does not dispute, that "[t]here is no cross-reactivity between ibuprofen and naloxone." *Id.* at 8. Furthermore, Dr. Winegard stated that "[a]t no point was [Plaintiff] brain dead" as demonstrated by Plaintiff's electroencephalogram, which is "consistent with drug intoxication, not brain death." *Id.*

Plaintiff admits that prior to March 27, 2016, Plaintiff was only aware that he was allergic to Motrin (ibuprofen) and that Plaintiff had never received or been administered Narcan. ECF No. 151-8 at 74–78, 84–85. Plaintiff's DOCCS medical records state that Plaintiff is allergic to Motrin but does not state that he is allergic to Narcan. ECF No. 151-11 at 536. Plaintiff, however, disputes Dr. Wiegand's opinion, stating that there was "absolutely no reason to administer Narcan to a person who had no drugs in his system." ECF No. 155 at 9. Plaintiff argues that when he asked for his asthma inhaler, Nurse West administered Narcan "to help [Plaintiff] sleep" even though Nurse West was not authorized to do so. ECF No. 164 at 2–3. Plaintiff argues that as a result of the administration of Narcan, he suffered an allergic reaction, including fading vision, chicken pox-like hives, trouble breathing, and brain death. ECF No. 23 at 4; ECF No. 155 at 9.

Following this incident, a disciplinary hearing was held, which relied upon Sergeant Meek's misbehavior report against Plaintiff for being under the influence and possessing narcotics. ECF No. 151-9 at 4, 7, 23. As a result, Plaintiff was sentenced to, *inter alia*, four months loss of Good Time that was never restored. *Id.* at 3, 43.

Plaintiff commenced this action on November 27, 2018. ECF No. 1. After screening Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court allowed

Plaintiff's deliberate indifference claims to proceed against Defendants West, Bognaski, and Meek. ECF No. 14. Defendants now move for summary judgment. ECF No. 151.

**DISCUSSION**

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs because (1) Defendants falsely stated that Plaintiff overdosed on illegal substances, (2) Nurse West administered Narcan that caused Plaintiff to suffer from a severe allergic reaction, and (3) Defendants lied to the EMT and the hospital medical staff that Plaintiff was overdosing, rather than suffering from an allergic reaction to Narcan. ECF No. 23.[2] Defendants move for summary judgment on the grounds that they were not deliberately indifferent and that Defendants have qualified immunity. ECF No. 151.

**I. *Heck* Bar**

As an initial matter, the Court will discuss Plaintiff's arguments that Defendants falsely stated that Plaintiff overdosed on illegal substances. ECF No. 23 at 6–7; ECF No. 155 at 1–8. Essentially, Plaintiff disputes the finding that he possessed illegal substances on March 27, 2016. However, a disciplinary hearing already sentenced Plaintiff for possessing drugs on March 27, 2016. ECF No. 151-9 at 3–4, 7, 23, 43. No party has indicated that this sentence has been invalidated. Thus, if the Court were to accept Plaintiff's argument that Defendants falsely reported that Plaintiff possessed and overdosed on drugs, the Court would necessarily be implying that this judgment against Plaintiff was invalid. However, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court cannot challenge Plaintiff's existing sentence absent a demonstration that this sentence

[2] Plaintiff also makes arguments related to the violation of his due process rights, alleging that Defendants failed to follow DOCCS directives, protocols, or policies. *See, e.g.*, ECF No. 23 at 4–7; ECF No. 155 at 5–7. However, after screening Plaintiff's complaint, the Court dismissed Plaintiff's due process claims related to the failure to follow directives or policies. ECF No. 14 at 4–5. Therefore, to the extent that Plaintiff attempts to re-argue his due process claims here, those arguments are disregarded.

was overturned. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (dismissing a § 1983 claim for deprivation of good-time credit without due process, despite the plaintiff's allegation that a hearing officer made deceitful statements, because an award of damages in plaintiff's favor would necessarily imply the invalidity of the punishment imposed); *see also Tafari v. McCarthy*, 714 F. Supp. 2d 317, 371 (N.D.N.Y. 2010) (holding that *Heck v. Humphrey* bars plaintiff's challenges to misbehavior reports and a disciplinary hearing, which resulted in loss of good time credits, absent a showing that those disciplinary sentences had been reversed, declared invalid, or called into question by federal court). Accordingly, to the extent that Plaintiff tries to argue that he did not possess illegal substances and Defendants falsely accused him of this offense, the Court rejects any such argument.

## II. Deliberate Indifference

Plaintiff claims under 42 U.S.C. § 1983 that Defendants were deliberately indifferent to his serious medical needs. ECF No. 23. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In other words, to recover under this section, a plaintiff must show a violation of a federal constitutional or statutory right.

Here, Plaintiff alleges that Defendants were deliberately indifferent to his medical needs because they provided improper medical care and gave false statements to the medical staff. ECF No. 23 at 3–7. Defendants move for summary judgment on Plaintiff's claim, arguing that Defendants were not deliberately indifferent because they saved Plaintiff's life and because Plaintiff cannot demonstrate that Defendants acted with a sufficiently culpable state of mind. ECF No. 151-24 at 7–21. The Court will discuss each argument as to each defendant below.

**A. Nurse West**

Plaintiff argues that Nurse West was deliberately indifferent to his medical condition because she administered Narcan, which resulted in Plaintiff suffering from an allergic reaction and brain death, and because she falsely reported to the EMT that Plaintiff overdosed on illegal substances. ECF No. 23 at 6, 9; ECF No. 155 at 9. Plaintiff also argues that Nurse West administered Narcan without authorization. ECF No. 164 at 3. Defendants argue that Nurse West administered Narcan to save Plaintiff's life and that in any event, Nurse West was not aware that Plaintiff was allergic to the medication. ECF No. 151-24 at 7–16. Defendants further dispute Plaintiff's claim that he is allergic to Narcan and that he was brain dead. *Id.* at 19–21. Finally, Defendants argue that Nurse West could not have spoken to the EMT as she was relieved of her duties by the time the EMT arrived. *Id.* at 14–15.

To plausibly state a claim of inadequate health care that rises to the level of a constitutional violation, the facts must show that Defendants were deliberately indifferent to Plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To prove deliberate indifference, Plaintiff must meet the objective and subjective standards. *See Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir. 1998). To satisfy the objective standard, "the alleged deprivation of adequate medical care must be 'sufficiently serious.'" *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 844 (1994)).[3]

In order to satisfy the subjective standard, a plaintiff must prove that the defendant acted with a "sufficiently culpable state of mind." *Id.* at 280 (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)). "Deliberate indifference may be inferred where a risk to a [plaintiff's] health is so obvious that the defendant must have known of it, yet did not provide appropriate treatment." *Montalvo v.*

[3] Because the Court concludes that Plaintiff fails to establish deliberate indifference as he does not meet the subjective standard, the Court will not discuss whether the objective standard was met in this case.

*Lamy*, 139 F. Supp. 3d 597, 607 (W.D.N.Y. 2015) (citation omitted). In other words, "[an] [inmate] asserting a . . . claim for deliberate indifference to his medical needs can allege either that the defendant[] *knew* that failing to provide the complained of medical treatment would pose a substantial risk to [the inmate's] health or that the defendant[] *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the [inmate's] health." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (emphasis in original) (quoting *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019)); *see Salahuddin*, 467 F.3d at 280 ("This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." (citation omitted)). However, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. Moreover, negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703 (citations omitted).

Here, Plaintiff's deliberate indifference claim against Nurse West fails because he does not meet the subjective standard. Plaintiff's claim against Nurse West boils down to Nurse West administering Narcan to him despite his allergies to the medication. ECF No. 23 at 6. However, Plaintiff himself admits that he had never been administered Narcan before, nor did he know that he was allergic to the medication, prior to March 27, 2016. ECF No. 151-8 at 74–78, 84–85. Indeed, Plaintiff's medical records only indicate that he is allergic to Motrin (ibuprofen), ECF No. 151-11 at 536, which the parties agree has no cross-reactivity to Narcan, ECF No. 151-16 at 8. Moreover, the record establishes that Plaintiff was on contraband watch, ECF No. 23 at 3, 10; ECF No. 151-1 ¶ 7; ECF No. 151-9 at 14, that Plaintiff exhibited symptoms that are consistent with

possible opioid overdose, ECF No. 151-16 at 7,[4] and that Narcan is a standard drug to treat opioid overdose, *id.* at 7–8; ECF No. 155 at 7. Considering these facts together, Nurse West's decision to administer Narcan to treat Plaintiff's condition was more than "adequate." *Chance*, 143 F.3d at 703; *see Donohue v. Manetti by Armor Corr. Health Servs.*, No. 15-CV-636, 2025 WL 974347, at *5, 19 (E.D.N.Y. Mar. 31, 2025) (finding that the plaintiff failed to satisfy the subjective standard where a nurse gave ibuprofen to the plaintiff by mistake, even though the plaintiff's order sheet stated that he was allergic to the medication). Any complaint Plaintiff may have about the treatment Nurse West administered amounts to nothing more than "mere disagreement over the proper treatment[,] [which] does not create a constitutional claim." *Chance*, 143 F.3d at 703; *see also Revels v. Corr. Med. Care, Inc.*, No. 17-CV-0088, 2022 WL 1224407, at *9 (N.D.N.Y. Apr. 26, 2022) ("Cases have consistently held that the mistaken/negligent administration of incorrect medication is insufficient to support a claim of deliberate indifference under the Eighth Amendment.") (collecting cases); *Price v. Reilly*, 697 F. Supp. 2d 344, 359 (E.D.N.Y. 2010) (holding that plaintiff's belief alone that the medication dosage was incorrect, without any evidence that the allegedly incorrect medication dosage caused any objectively serious harm, is insufficient to establish deliberate indifference).

Plaintiff's argument that Nurse West was deliberately indifferent to his medical needs by lying to the EMT is also meritless. Nurse West denies Plaintiff's allegation, stating that she completed her shift before the EMT arrived and that she does not recall talking to anyone about Plaintiff's health at any time. ECF No. 151-5 at 3–4 ¶¶ 15–17. Plaintiff offers no evidence to support his argument that Nurse West relayed his condition to the EMT. In any event, Plaintiff's deliberate indifference argument fails as even if Nurse West did tell the EMT that Plaintiff

---

[4] Although Plaintiff argues that administering Narcan was unnecessary, Plaintiff does not dispute Dr. Wiegand's statement that his symptoms were consistent with signs of possible opioid overdose. ECF No. 155 at 9.

overdosed on illegal substances, she would have done so to best describe Plaintiff's condition so he could receive the appropriate treatment necessary. *See Salahuddin*, 467 F.3d at 280. Therefore, Plaintiff still fails to demonstrate that Nurse West possessed a culpable state of mind, and consequently, the subjective standard is not met.[5]

Because Nurse West did not have the requisite *mens rea* under the subjective standard to be deliberately indifferent to Plaintiff's medical condition, Defendants' motion for summary judgment is granted as to Plaintiff's deliberate indifference claim against Nurse West.[6]

**B. Officer Bognaski and Sergeant Meek**

Plaintiff also asserts a deliberate indifference claim against Officer Bognaski and Sergeant Meek. Specifically, Plaintiff alleges that they (1) falsely reported that Plaintiff exhibited unusual behavior and (2) falsely notified the EMT that Plaintiff was overdosing on illegal substances rather than on Narcan, to which Plaintiff was having an allergic reaction. ECF No. 23 at 6–7, 10–13. Defendants move for summary judgment on Plaintiff's claims. ECF No. 151-24 at 16–19.

"[N]on-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed." *Zuleta v. Krom*, No. 24-CV-2363, 2025 WL 2721004, at *8 (S.D.N.Y. Sept. 24, 2025) (citations omitted). Defendants argue that Plaintiff failed to establish that Officer Bognaski and Sergeant Meek acted with deliberate indifference because any statements that Officer Bognaski and Sergeant Meek

[5] Plaintiff also alleges that Nurse West did not list the medications that Plaintiff was taking at the time of the incident. ECF No. 155 at 2. However, the EMT's notes list the medications that Plaintiff was taking. ECF No. 151-12 at 5–6.

[6] Because the Court finds that Nurse West was not deliberately indifferent to Plaintiff's medical needs, the Court need not address Defendants' remaining arguments.

made did not delay or deny Plaintiff from receiving medical care. ECF No. 151-24 at 16–19. The Court agrees.

As an initial matter, Plaintiff does not even argue that Officer Bognaski and Sergeant Meek were deliberately indifferent because they denied or delayed Plaintiff's access to medical care. *See Zuleta*, 2025 WL 2721004, at *8. In any event, the record shows that after observing Plaintiff exhibit unusual behavior, Officer Bognaski notified the Five Points medical staff. ECF No. 151-9 at 14. This is far from denying or delaying Plaintiff from access to medical care. *See Zuleta*, 2025 WL 2721004, at *8. Moreover, even if the Court accepts Plaintiff's argument that Officer Bognaski and Sergeant Meek did notify the EMT and the hospital medical staff about Plaintiff overdosing on illegal substances and of his history with drugs, this argument does not support Plaintiff's claim that Officer Bognaski and Sergeant Meek intentionally interfered with Plaintiff's medical treatment. *Id.* If anything, the record and Plaintiff's allegations only demonstrate that Officer Bognaski and Sergeant Meek attempted to help Plaintiff receive proper medical treatment by providing the information that they thought was relevant and necessary. Plaintiff thus fails to allege that Officer Bognaski and Sergeant Meek acted with "conscious or callous indifference to [Plaintiff's] rights." *Labossiere v. Baxter*, No. 21-CV-10538, 2025 WL 887623, at *5 (S.D.N.Y. Mar. 21, 2025) (citation omitted).

Accordingly, Defendants' motion for summary judgment is granted as to Plaintiff's deliberate indifference claim against Officer Bognaski and Sergeant Meek.[7]

---

[7] Because Plaintiff fails to establish a deliberate indifference claim against Officer Bognaski and Sergeant Meek, the Court will not discuss Defendants' remaining arguments, including whether Defendants are entitled to summary judgment based on qualified immunity. ECF No. 151-24 at 16, 22–25.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 17, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York